IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ARTURO CARDONA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **Case No. 1:24-cv-1504** |
| § | |
| **RIO CONSTRUCTION, INC. AND** § | |
| **JERRY BISHOP, INDIVIDUALLY,** § | |
| § | |
| **Defendants.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Arturo Cardona ("Cardona") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he respectfully shows as follows:

## I.  NATURE OF SUIT

1. Defendants have violated the FLSA by failing to pay Cardona, a non-exempt laborer, in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Cardona at time-and-one-half his regular rate of pay for all hours worked in excess of forty hours per workweek, although they had full knowledge that Cardona consistently worked over forty hours per week.

## II.  PARTIES

2. Plaintiff Arturo Cardona is an individual residing in Travis County, Texas.

3. Rio Construction, Inc. is a Texas corporation that employed Cardona.

4. Rio Construction, Inc.'s registered agent for service of process is Jerry Bishop, and he may be served at 1600 Scenic Loop Drive, Round Rock, Texas 78680, or wherever else he may be found.

5. At all times relevant to this claim, Rio Construction, Inc. was an employer of Cardona as defined by 29 U.S.C. §203(d).

6. Jerry Bishop is an individual who is the Director and President of Rio Construction, Inc., and he may be served at 1600 Scenic Loop Drive, Round Rock, Texas 78680 or wherever else he may be found.

7. Jerry Bishop individually employed Cardona.

8. Jerry Bishop was an employer of Cardona as defined by 29 U.S.C. §203(d).

9. Jerry Bishop acted both on his own behalf and directly or indirectly in the interest of Rio Construction, Inc. in relation to Cardona's employment.

10. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., exercised managerial responsibilities and substantial control over Cardona as well as employees of Rio Construction, Inc.

11. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., exercised managerial responsibilities and substantial control over the terms and conditions of Cardona's employment, as well as employees of Rio Construction, Inc.

12. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., had and exercised his authority to hire, fire and direct Cardona as well as employees of Rio Construction, Inc.

13. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., had and exercised his authority to supervise and control the employment relationships and work schedules of Cardona as well as employees of Rio Construction, Inc.

14. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., had and exercised his authority to set and determine the rate and method of pay of Cardona as well as employees of Rio Construction, Inc.

15. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., had and exercised his authority to decide whether Cardona, as well as employees of Rio Construction, Inc. received overtime compensation.

16. Jerry Bishop, on his own behalf and directly or indirectly in the interest of Rio Construction, Inc., also kept and maintained employment records for Cardona as well as employees of Rio Construction, Inc.

### III.  JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.   This Court also has personal jurisdiction over all parties to this action.

18. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Travis and Williamson County, Texas, which is in this District and Division. Cardona was an employee of Defendants and performed work for Defendants in and around Travis County, Texas.  Defendants are subject to this Court's personal jurisdiction with respect to this civil action.  Defendants thus reside in this district and division. 28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

19. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Cardona.

20. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Defendant Rio Construction, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Cardona was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

24. As an employee of Defendants, Cardona handled items such as vehicles, cell phones and construction tools, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

25. Defendants operate a construction company in Austin, Texas specializing in building foundations for new homes.

26. Cardona was employed by Defendants as a day rate construction laborer and was paid a day rate of $180 per day.

27. Cardona began working for Defendants in 2019, and his last day of employment was on or about June 3, 2024, after he injured himself on the job and was subsequently terminated.

28. During all times relevant to this action, Cardona was non-exempt.

29. Throughout his employment, Defendants paid Cardona on a day-rate basis.

30. Cardona routinely worked long hours and consistently worked more than forty hours per week.

31. Cardona was never paid more than his day rate multiplied by the number of days he worked.

32. Even though he was paid a day rate regardless of hours worked, Cardona was required to report his hours on a weekly basis.

33. Time and date stamps on phone logs, phone records, and text messages, as well as time sheets submitted by Cardona will reflect the fact that Cardona consistently worked more than forty hours per week.

34. Cardona stopped working for Defendants in approximately September 2022, returning to work in approximately July of 2023. Upon his return, Defendant Bishop had Cardona split his time between working as a construction laborer and working on Bishop's ranch.

35. At Bishop's ranch, Cardona would do things such as refill deer feeders, cut grass, and perform other related jobs, although his pay remained the same.

36. Defendants paid no overtime premiums for any hours worked by Cardona over forty per workweek, even though Cardona consistently worked more than forty hours per week.

37. Defendants were fully aware that Cardona consistently worked over forty hours per workweek, as Cardona filled out timesheets weekly.

38. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Cardona.

39. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Cardona.

40. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Cardona.

## VI.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. Cardona incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

42. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Cardona, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Cardona, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Cardona, were employed.  Defendants have acted willfully in failing to pay its non-exempt employees, including Cardona, in accordance with applicable law.

## VII.  PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Cardona prays for judgment against Defendants Rio Construction, Inc. and Jerry Bishop, individually, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Cardona and for liquidated damages equal in amount to the unpaid compensation found due to Cardona;

    b.    For an Order awarding Cardona the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Cardona attorneys' fees;

    d.    For an Order awarding Cardona pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Cardona declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

    f.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**WELMAKER LAW, PLLC**
409 N. Fredonia, Suite 118
Longview, Texas 75601
Tel: (512) 499-2048

By: */s/ Douglas B. Welmaker*
      Douglas B. Welmaker
      Texas State Bar No. 00788641
      doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**