IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ARTURO CARDONA, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Case No. 1:24-cv-1504 |
| RIO CONSTRUCTION, INC. AND JERRY BISHOP, INDIVIDUALLY, | § § § § § | |
| *Defendants*. | § § | |

### DEFENDANT JERRY BISHOP'S ORIGINAL ANSWER

Defendant JERRY BISHOP ("Bishop") files this his original answer to Plaintiff's Original Complaint, respectfully showing:

### I. BISHOP'S ANSWER

#### Nature of Suit

1. Bishop denies each and every allegation made in Paragraph 1 of the Complaint.

#### Parties

2. Bishop lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Bishop admits that Rio Construction, Inc. ("Rio") is a Texas corporation. He denies that Rio "employed" Cardona as that term is used in and under the Fair Labor Standards Act ("FLSA") and other statutes and law, but admits that Cardona provided labor and services at Rio job sites at various times. To the extent required, the allegations in Paragraph 3 are otherwise denied.

4. Admitted.

5. Denied.

6. Admitted.

7. Denied.

8. Denied.

9. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop admits that, as the company's owner and president, he performed various managerial services on behalf of Rio during the time period relevant to the claims asserted in this suit – including managerial responsibilities over Rio employees (which did not include Cardona). To the extent required, the allegations in Paragraph 9 are otherwise denied.

10. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop admits that, as the company's owner and president, he performed various managerial services on behalf of Rio during the time period relevant to the claims asserted in this suit – including managerial responsibilities over Rio employees (which did not include Cardona). To the extent required, the allegations in Paragraph 10 are otherwise denied.

11. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop denies that he, either individually or on behalf of Rio, had or exercised managerial responsibilities and substantial control over the terms of Cardona's alleged "employment" an any time relevant to the claims asserted in this suit. Bishop admits that he, on Rio's behalf, had or exercised managerial responsibilities and control over the employment terms of other individuals (*i.e.*, certain individuals other than Cardona) who were Rio

employees in this time period. To the extent required, the allegations in Paragraph 11 are otherwise denied.

13. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop denies that he, either individually or on behalf of Rio, had or exercised authority to hire, fire and/or direct Cardona as an alleged "employee" an any time relevant to the claims asserted in this suit. Bishop admits that he, on Rio's behalf, did have the authority to hire, fire and/or direct other individuals (*i.e.*, certain individuals other than Cardona) who were Rio employees in this time period. To the extent required, the allegations in Paragraph 12 are otherwise denied.

13. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop further denies that he, either individually or on behalf of Rio, had or exercised authority to supervise and control the employment relationships and work schedules of Cardona as an alleged "employee" an any time relevant to the claims asserted in this suit. Bishop admits that he, on Rio's behalf, did have the authority to supervise and control the employment relationships and work schedules of other individuals (*i.e.*, certain individuals other than Cardona) who were Rio employees in this time period. To the extent required, the allegations in Paragraph 13 are otherwise denied.

14. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop further denies that he, either individually or on behalf of Rio, had or exercised the authority to "set" any person's salary or wages (as Rio paid market rates for labor, services and materials), but did have some authority to determine the "method" of paying individuals who provided labor or services to the company. To the extent required, the allegations in Paragraph 14 are otherwise denied.

15. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. The allegations in Paragraph 15 are otherwise denied.

16. Bishop denies that either he or "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop admits that Rio maintained employment records for its own employees, and further admits Rio maintained certain records pertaining to compensation that were paid for labor or services provided by Cardona, whether directly or through a third-party, during the time relevant to the claims asserted. To the extent required, the allegations in Paragraph 16 are otherwise denied.

## Jurisdiction and Venue

17. The first three sentences of Paragraph 17 are averments of law and do not require a response. Bishop admits that the Court has personal jurisdiction over him in this action.

18. Bishop does not dispute venue of this case in this district and division. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. To the extent required, the allegations in Paragraph 18 are otherwise denied.

## Coverage under the FLSA

19. Denied.

20. Denied.

21. Bishop denies that he is an "enterprise" for the purposes of the FLSA, and refers the Court and parties to Rio's response to this allegation in its answer (such response being incorporated for all purposes herein). To the extent required, the allegations in Paragraph 21 are otherwise denied.

22. Bishop refers the Court and parties to Rio's response to this allegation in its answer (such response being incorporated for all purposes herein). To the extent required, the allegations in Paragraph 22 are otherwise denied.

23. Denied.

24. Denied.

## Factual Allegations

25. Bishop denies that Rio is based in Austin, Texas (it is based in Round Rock, Texas), but admits that it Rio a construction company that operates in Central Texas and specializes in constructing residential building foundations. To the extent required, the allegations in Paragraph 25 are otherwise denied.

26. Bishop denies that "Cardona was by employed Defendants as a day rate construction laborer." Bishop admits that Cardona was compensated for any labor or services he provided during the relevant time period based on a "day rate" of $180. To the extent required, the allegations in Paragraph 26 are otherwise denied.

27. Bishop admits that Cardona provided labor and services at Rio job sites during portions of the relevant time frame, but denies that Cardona was either Rio's or Bishop's "employee" or that he was "terminated" by either Rio or Bishop. To the extent required, the allegations in Paragraph 26 are otherwise denied.

28. Bishop admits that Cardona was compensated for labor or services on a "day rate" basis when he provided labor or services at a Rio job site or to or for Rio or Bishop otherwise. Otherwise, Bishop lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, accordingly, such allegations are denied.

29. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Bishop admits that Cardona was compensated for labor or services on a "day rate" basis when he provided labor or services at a Rio job site or to or for Rio or Bishop otherwise. Otherwise, Bishop lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, accordingly, such allegations are denied.

30. Denied.

31. Bishop admits that Cardona was compensated for labor or services on a "day rate" basis when he provided labor or services at a Rio job site or for Rio or Bishop otherwise. Otherwise, Bishop lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, accordingly, such allegations are denied.

32. Bishop lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, accordingly, such allegations are denied.

33. Bishop lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, accordingly, such allegations are denied.

34. Bishop admits that Cardona did not provide labor or services for or to either Rio or Bishop for a period of time between mid-2022 and mid-2023. Bishop further admits that Cardona provided some labor and services at the Bishop property in 2023 and 2024. To the extent required, the allegations in Paragraph 34 are otherwise denied.

35. Bishop admits that Cardona provided some labor and services at the Bishop property in 2023 and 2024, and was compensated based on a "day rate" basis for such labor and services. To the extent required, the allegations in Paragraph 35 are otherwise denied.

36. Denied.

37. Denied.

38. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. To the extent required, the allegations in Paragraph 38 are otherwise denied.

39. Bishop denies that either he or Rio "employed" Cardona as that term is used in and under the FLSA and other statutes and law. To the extent required, the allegations in Paragraph 39 are otherwise denied.

40. Denied.

## Cause of Action

41. The allegations contained in Paragraph 41 are perfunctory and do not require an admission or denial. (See Bishop's specific responses above to allegations in any paragraphs which Plaintiff "incorporates" by reference.)

42. Rio denies each and every allegation made in Paragraph 42 of the Complaint.

## Prayer for Relief

43. Bishop denies that Plaintiff is entitled to recover judgment from Rio or him for any actual damages (including but not limited to any alleged unpaid back wages or overtime), liquidated damages, costs or expenses, attorney's fees, pre- or post-judgment interest, declaratory or injunctive relief, and/or any other or further relief as alleged in the Prayer section of the Complaint.

44. To the extent any allegation contained in Plaintiff's Original Complaint is not specifically admitted or otherwise addressed herein, it is denied.

## II. BISHOP'S DEFENSES AND AFFIRMATIVE DEFENSES

Bishop asserts the following defenses and affirmative defenses:

1. In bringing this FLSA action for alleged unpaid overtime compensation, Plaintiff specifically bears the burden to show that: *(1)* there existed an employer-employee relationship during the unpaid overtime periods claimed; *(2)* that he engaged in activities within the coverage of the FLSA; *(3)* that these defendants, as employers, each violated the FLSA's overtime wage requirements; and *(4)* the amount of overtime compensation due. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing cases).

2. Plaintiff was neither Bishop's nor Rio's "employee," as that term is defined and/or used in and under the FLSA and other statutes and law, at any point in time relevant to the claims and causes asserted herein.

3. Neither Bishop nor Rio were Plaintiff's "employer," as that term is defined and/or used in and under the FLSA and other statutes and law, at any point in time relevant to the claims and causes asserted herein.

4. There was no "employer-employee" relationship at any relevant period of time between or among *(i)* Bishop and/or Rio on the one hand, and *(ii)* Plaintiff on the other.

5. With respect to both Bishop and Rio, Plaintiff did not engage in activities within the coverage of the FLSA.

6. Plaintiff's claims are barred, whether in whole or in part, by applicable statutes of limitations. *See* 29 U.S.C. §255(a). Further, the two-year statute of limitations applies here because the defendants' alleged violations (which they deny) were not "willful."

7.    Pleading additionally or in the alternative, if necessary, Plaintiff was compensated on a "day rate" basis, was exempt from the provisions of the FLSA, and thus was not entitled to overtime. *See generally* 29 C.F.R. §§541.604(b) & 778.112.

8.    Pleading additionally or in the alternative, if necessary, Plaintiff is not entitled to liquidated damages because: *(1)* any alleged acts or omissions by either Bishop or Rio (or both) giving rise to Plaintiff's claims were in good faith; and *(2)* these defendants had reasonable grounds for believing that their actions were not violations of the FLSA. *See* 29 U.S.C. §260; *Barcellona v. Tiffany Engl Pub., Inc.*, 597 F.2d 464, 468 (5th Cir. 1979). As such, their conduct was not "willful."

9.    Pleading additionally or in the alternative, if necessary, the defendants are entitled credits and/or offsets in connection with Plaintiff's unpaid wage claims.

10.   Pleading additionally or in the alternative, if necessary, Plaintiff is not entitled to an award for any compensation already paid (including but not limited to any impermissible double-recovery or other unjust enrichment).

11.   Pleading additionally or in the alternative, if necessary, Bishop has been improperly or incorrectly sued in his individual capacity.

### III.  Conclusion and Prayer

WHEREFORE, PREMISES CONSIDERED, defendant Jerry Bishop prays that:

(1)   the Court dismiss plaintiff Arturo Cardona's complaint in its entirety and/or enter a take-nothing judgment in favor of Bishop and defendant Rio Construction, Inc. and against plaintiff Cardona; and

(2)   the Court assess all costs of court that Bishop and defendant Rio have incurred and will incur defending themselves in this action against plaintiff' Cardona's claims.

Defendant Jerry Bishop also prays for any and all other relief, both general and special, whether

at law or in equity, to which he may be justly entitled.

Dated: February 11, 2025                    Respectfully submitted,

                                                                          HOWRY BREEN & HERMAN, L.L.P.

                                                                          _____
                                                                          Randy R. Howry
                                                                          State Bar No. 10121690
                                                                          rhowry@howrybreen.com
                                                                          John E. Carlson
                                                                          State Bar No. 007990426
                                                                          jcarlson@howrybreen.com
                                                                          1900 Pearl Street
                                                                          Austin, Texas 78705-5408
                                                                          Tel. (512) 474-7300
                                                                          Fax (512) 474-8557

                                                                          *Attorneys for Defendants Rio Construction,*
                                                                          *Inc. and Jerry Bishop, Individually*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was delivered on February 11, 2025, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

| | |
|---|---|
| Douglas B. Welmaker<br>doug@welmakerlaw.com<br>SCHMIDT LAW FIRM PLLC<br>409 North Fredonia, Suite 118<br>Longview, Texas 75601<br>Tel. (512) 499-2048 | ✓ Electronic service<br>☐ In person<br>☐ Registered mail, return receipt requested<br>☐ Commercial delivery service<br>☐ Facsimile<br>☐ Electronic mail |

*Attorney for Plaintiff Arturo Cardona*

_____
Randy R. Howry