IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ARTURO CARDONA, § § § *Plaintiff*, § § vs. § § Case No. 1:24-cv-1504 § RIO CONSTRUCTION, INC. AND § JERRY BISHOP, INDIVIDUALLY, § § § § *Defendants*. § | |

**DEFENDANT RIO CONSTRUCTION, INC.'S ORIGINAL ANSWER**

Defendant RIO CONSTRUCTION, INC. ("Rio") files this its original answer to Plaintiff's Original Complaint, respectfully showing:

**I. Rio's Answer**

**Nature of Suit**

1. Rio denies each and every allegation made in Paragraph 1 of the Complaint.

**Parties**

2. Rio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Rio admits that it is a Texas corporation. It denies that it "employed" Cardona as that term is used in and under the Fair Labor Standards Act ("FLSA") and other statutes and law, but admits that Cardona provided labor and services at Rio job sites at various times. To the extent required, the allegations in Paragraph 3 are otherwise denied.

4. Admitted.

5. Denied.

6. Admitted.

7. Denied.

8. Denied.

9. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio admits that Jerry Bishop, as the company's owner and president, performed various managerial services on behalf of Rio during the time period relevant to the claims asserted in this suit – including managerial responsibilities over Rio employees (which did not include Cardona). To the extent required, the allegations in Paragraph 9 are otherwise denied.

10. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio admits that Jerry Bishop, as the company's owner and president, performed various managerial services on behalf of Rio during the time period relevant to the claims asserted in this suit – including managerial responsibilities over Rio employees (which did not include Cardona). To the extent required, the allegations in Paragraph 10 are otherwise denied.

11. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio denies that Jerry Bishop, either individually or on behalf of Rio, had or exercised managerial responsibilities and substantial control over the terms of Cardona's alleged "employment" an any time relevant to the claims asserted in this suit. Rio admits that Bishop, on Rio's behalf, had or exercised managerial responsibilities and control over the employment terms of other individuals (*i.e.*, certain individuals other than Cardona) who were Rio employees in this time period. To the extent required, the allegations in Paragraph 11 are

otherwise denied.

12. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio further denies that Jerry Bishop, either individually or on behalf of Rio, had or exercised authority to hire, fire and/or direct Cardona as an alleged "employee" an any time relevant to the claims asserted in this suit. Rio admits that Bishop, on Rio's behalf, did have the authority to hire, fire and/or direct other individuals *(i.e.*, certain individuals other than Cardona) who were Rio employees in this time period. To the extent required, the allegations in Paragraph 12 are otherwise denied.

13. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio further denies that Jerry Bishop, either individually or on behalf of Rio, had or exercised authority to supervise and control the employment relationships and work schedules of Cardona as an alleged "employee" an any time relevant to the claims asserted in this suit. Rio admits that Bishop, on Rio's behalf, did have the authority to supervise and control the employment relationships and work schedules of other individuals *(i.e.*, certain individuals other than Cardona) who were Rio employees in this time period. To the extent required, the allegations in Paragraph 13 are otherwise denied.

14. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio further denies that Jerry Bishop, either individually or on behalf of Rio, had or exercised the authority to "set" any person's salary or wages (as Rio paid market rates for labor, services and materials), but did have some authority to determine the "method" of paying individuals who provided labor or services to the company. To the extent required, the allegations in Paragraph 14 are otherwise denied.

15. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and

under the FLSA and other statutes and law. The allegations in Paragraph 15 are otherwise denied.

16. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio admits that it maintained employment records for its own employees, and further admits it maintained certain records pertaining to compensation that were paid for labor or services provided by Cardona, whether directly or through a third-party, during the time relevant to the claims asserted. To the extent required, the allegations in Paragraph 16 are otherwise denied.

### Jurisdiction and Venue

17. The first three sentences of Paragraph 17 are averments of law and do not require a response. Rio admits that the Court has personal jurisdiction over it in this action.

18. Rio does not dispute venue of this case in this district and division. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. To the extent required, the allegations in Paragraph 18 are otherwise denied.

### Coverage under the FLSA

19. Denied.

20. Denied.

21. Rio admits that it is a "enterprise" for the purposes of the FLSA, but denies that Jerry Bishop, individually, constitutes same. To the extent required, the allegations in Paragraph 21 are otherwise denied.

22. Rio admits that it is a "enterprise" engaged in commerce for the purposes of the FLSA, and that its gross revenue has exceeded $500,000 per year during the time period relevant to the claims asserted. To the extent required, the allegations in Paragraph 22 are otherwise denied.

23. Denied.

24. Denied.

### Factual Allegations

25. Rio (which is based in Round Rock, Texas, and not Austin) admits that it is a construction company that operates in Central Texas and specializes in constructing residential building foundations. To the extent required, the allegations in Paragraph 25 are otherwise denied.

26. Rio denies that "Cardona was by employed Defendants as a day rate construction laborer." Rio admits that Cardona was compensated for any labor or services he provided based on a "day rate" of $180. To the extent required, the allegations in Paragraph 26 are otherwise denied.

27. Rio admits that Cardona provided labor and services at Rio job sites during portions of the relevant time frame, but denies that Cardona was either Rio's or Jerry Bishop's "employee" or that he was "terminated" by either Rio or Bishop. To the extent required, the allegations in Paragraph 26 are otherwise denied.

28. Rio admits that Cardona was compensated for labor or services on a "day rate" basis when he provided labor or services at a Rio job site. Otherwise, Rio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and, accordingly, such allegations are denied.

29. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. Rio admits that Cardona was compensated for labor or services on a "day rate" basis when he provided labor or services at a Rio job site. Otherwise, Rio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, accordingly, such allegations are denied.

30. Denied.

31. Rio admits that Cardona was compensated for labor or services on a "day rate" basis when he provided labor or services at a Rio job site. Otherwise, Rio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and, accordingly, such allegations are denied.

32. Rio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and, accordingly, such allegations are denied.

33. Rio lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and, accordingly, such allegations are denied.

34. Rio admits that Cardona did not provide labor or services for or to either Rio or Jerry Bishop for a period of time between mid-2022 and mid-2023. Rio further admits that Cardona provided some labor and services at the Bishop property in 2023 and 2024. To the extent required, the allegations in Paragraph 34 are otherwise denied.

35. Rio admits that Cardona provided some labor and services at the Bishop property in 2023 and 2024, and was compensated based on a "day rate" basis. To the extent required, the allegations in Paragraph 35 are otherwise denied.

36. Denied.

37. Denied.

38. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. To the extent required, the allegations in Paragraph 38 are otherwise denied.

39. Rio denies that it or Jerry Bishop "employed" Cardona as that term is used in and under the FLSA and other statutes and law. To the extent required, the allegations in Paragraph 39 are otherwise denied.

40. Denied.

### Cause of Action

41. The allegations contained in Paragraph 41 are perfunctory and do not require an admission or denial. (See Rio's specific responses above to allegations in any paragraphs which Plaintiff "incorporates" by reference.)

42. Rio denies each and every allegation made in Paragraph 42 of the Complaint.

### Prayer for Relief

43. Rio denies that Plaintiff is entitled to recover judgment from Rio or Jerry Bishop for any actual damages (including but not limited to any alleged unpaid back wages or overtime), liquidated damages, costs or expenses, attorney's fees, pre- or post-judgment interest, declaratory or injunctive relief, and/or any other or further relief as alleged in the Prayer section of the Complaint.

44. To the extent any allegation contained in Plaintiff's Original Complaint is not specifically admitted or otherwise addressed herein, it is denied.

### II. RIO'S DEFENSES AND AFFIRMATIVE DEFENSES

Rio asserts the following defenses and affirmative defenses:

1. In bringing this FLSA action for alleged unpaid overtime compensation, Plaintiff specifically bears the burden to show that: *(1)* there existed an employer-employee relationship during the unpaid overtime periods claimed; *(2)* that he engaged in activities within the coverage of the FLSA; *(3)* that these defendants, as employers, each violated the FLSA's overtime wage

requirements; and *(4)* the amount of overtime compensation due. *See Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing cases).

2. Plaintiff was neither Rio's nor Jerry Bishop's "employee," as that term is defined and/or used in and under the FLSA and other statutes and law, at any point in time relevant to the claims and causes asserted herein.

3. Neither Rio nor Jerry Bishop were Plaintiff's "employer," as that term is defined and/or used in and under the FLSA and other statutes and law, at any point in time relevant to the claims and causes asserted herein.

4. There was no "employer-employee" relationship at any relevant period of time between or among *(i)* Rio and/or Bishop on the one hand, and *(ii)* Plaintiff on the other.

5. With respect to both Rio and Bishop, Plaintiff did not engage in activities within the coverage of the FLSA.

6. Plaintiff's claims are barred, whether in whole or in part, by applicable statutes of limitations. *See* 29 U.S.C. §255(a). Further, the two-year statute of limitations applies here because the defendants' alleged violations (which they deny) were not "willful."

7. Pleading additionally or in the alternative, if necessary, Plaintiff was compensated on a "day rate" basis, was exempt from the provisions of the FLSA, and thus was not entitled to overtime. *See generally* 29 C.F.R. §§541.604(b) & 778.112.

8. Pleading additionally or in the alternative, if necessary, Plaintiff is not entitled to liquidated damages because: *(1)* any alleged acts or omissions by either Rio or Bishop (or both) giving rise to Plaintiff's claims were in good faith; and *(2)* these defendants had reasonable grounds for believing that their actions were not violations of the FLSA. *See* 29 U.S.C. §260; *Barcellona*

*v. Tiffany Engl Pub., Inc.*, 597 F.2d 464, 468 (5th Cir. 1979). As such, their conduct was not "willful."

9. Pleading additionally or in the alternative, if necessary, the defendants are entitled credits and/or offsets in connection with Plaintiff's unpaid wage claims.

10. Pleading additionally or in the alternative, if necessary, Plaintiff is not entitled to an award for any compensation already paid (including but not limited to any impermissible double-recovery or other unjust enrichment).

11. Pleading additionally or in the alternative, if necessary, defendant Jerry Bishop has been improperly or incorrectly sued in his individual capacity.

### III. CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, defendant Rio Construction, Inc. prays that:

(1) the Court dismiss plaintiff Arturo Cardona's complaint in its entirety and/or enter a take-nothing judgment in favor of Rio and defendant Jerry Bishop and against plaintiff Cardona; and

(2) the Court assess all costs of court that Rio and defendant Bishop have incurred and will incur defending themselves in this action against plaintiff' Cardona's claims.

Defendant Rio Construction, Inc. also prays for any and all other relief, both general and special, whether at law or in equity, to which it may be justly entitled.

Dated: February 11, 2025                    Respectfully submitted,

HOWRY BREEN & HERMAN, L.L.P.

_____
Randy R. Howry
State Bar No. 10121690
rhowry@howrybreen.com
John E. Carlson
State Bar No. 007990426
jcarlson@howrybreen.com
1900 Pearl Street
Austin, Texas 78705-5408
Tel. (512) 474-7300
Fax (512) 474-8557

*Attorneys for Defendants Rio Construction, Inc. and Jerry Bishop, Individually*

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was delivered on February 11, 2025, in accordance with Rule 5(b)(2) of the Federal Rules of Civil Procedure, to the parties listed and in the manner indicated below:

| | |
|---|---|
| Douglas B. Welmaker<br>doug@welmakerlaw.com<br>SCHMIDT LAW FIRM PLLC<br>409 North Fredonia, Suite 118<br>Longview, Texas 75601<br>Tel. (512) 499-2048 | ✓  Electronic service<br>☐  In person<br>☐  Registered mail, return receipt requested<br>☐  Commercial delivery service<br>☐  Facsimile<br>☐  Electronic mail |

*Attorney for Plaintiff Arturo Cardona*

                                                                                            Randy R. Howry